UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDUL HAKEEM JAHMAL
NASEER SHABAZZ a/k/a
OWEN D. DENSON, JR.,

        Plaintiff,

v.                            CASE NO. 8:17-CV-2140-T-17AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS, etc.,
et al.

        Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 16    Motion for Preliminary Injunction and Temporary Restraining Order
Dkt. 17    Affidavit

Plaintiff Abdul Hakeem Jahmal Naseer Shabazz a/k/a Owen D. Denson, Jr. has filed a Complaint in which Plaintiff asserts violations of the First and Fourteenth Amendments, violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), and Religious Land Use And Institutionalized Persons Act ("RLUIPA"). Plaintiff alleges that Plaintiff was forced to shave with an unclean clipper that caused a skin infection, pseudofolliculitis barbae, and substantially burdened Plaintiff's religious beliefs. Plaintiff further alleges that the Department's policy forces Plaintiff to choose between engaging in conduct that seriously violates the teachings of Plaintiff's religion, or contravening the grooming policy and risking disciplinary action. Plaintiff seeks declaratory relief declaring that the acts complained of violate Plaintiff's First and Fourteenth Amendment rights under the Constitution and the free exercise Clause. Plaintiff further seeks the award of punitive damages of $25,000 from each Defendant, and injunction relief enjoining Defendants or their successors from forcing Plaintiff [to

Case No. 8:17-CV-2140-T-17AAS

comply with the grooming policy] and preventing

Defendants from disciplinary sanctions upon Plaintiff for exercising his religious beliefs.

Plaintiff asserts that Plaintiff has exhausted Plaintiff's administrative remedies; the exhibits attached to the Complaint reflect exhaustion (Dkt. 1-1, pp. 4, 6).

Section 3 of RLUIPA governs religious exercise by institutionalized persons, Sec. 2000cc-1. Section 3 mirrors RFRA, and provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution...even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person: 1) is in furtherance of a compelling governmental interest; and 2) is the least restrictive means of furthering that compelling governmental interest." Sec. 2000cc-1(a). RLUIPA allows prisoners "to seek religious accommodations pursuant to the same standard as set forth in RFRA.
See Holt v. Hobbs, 135 S.Ct. 853 (2015)(Department's grooming policy violates RLUIPA insofar as it prevents petitioner from growing a ½-inch beard in accordance with his religious beliefs). An individual's exercise of religion is "substantially burdened" if a regulation completely prevents the individual from engaging in religiously mandated activity, or if the regulation requires participation in an activity prohibited by religion.
See Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). RLUIPA applies to the States and their subdivisions, and invokes congressional authority under the Spending and Commerce Clauses.

In the Motion for Temporary Restraining Order, Plaintiff asserts that Defendants violated Plaintiff's First Amendment rights by requiring Plaintiff to be clean shaven. Plaintiff alleges that the first incident occurred on July 8, 2017, and the second incident occurred on November 2, 2017. Plaintiff asserts that Plaintiff is likely to show at trial

Case No. 8:17-CV-2140-T-17AAS

that Defendant's grooming policy, which prohibits inmates from growing beards in compliance with their religious dictates, violates the RLUIPA as applied to this case, as it "prevents Plaintiff from grooming by clipping the mustache and letting the beard flow." Plaintiff asserts that the Department's policy substantially burdens the exercise of Plaintiff's [religious beliefs] without that policy showing the policy is the least restrictive means of furthering the Department's compelling interests in stopping contraband.

Plaintiff asserts his religious beliefs are sincerely held. Plaintiff asserts that Plaintiff will suffer irreparable harm if the Temporary Restraining Order is not issued; that Plaintiff is likely to establish that Defendants violated Plaintiff's rights under color of law, that the threat of harm Plaintiff faces is greater than the harm Prison Officials face if a Temporary Restraining Order is issued, and a Temporary Restraining Order will serve the public interest. Plaintiff requests that the Court issue a Temporary Restraining Order which prohibits Defendants from forcing Plaintiff to bald his face other than the clipping of Plaintiff's mustache during the pendency of this lawsuit, and which prohibits Defendants and their associates from transferring Plaintiff or harassing and retaliating against Plaintiff in any way under the color of the Rules for the filing of this lawsuit without the agreement of Plaintiff of this Court, and any other relief the Court deems appropriate.

"In order to prevail on a civil rights action under Sec. 1983, a plaintiff must show that [plaintiff] was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 263 F.3d 1295, 1303 (11th Cir. 2001). Inmates retain the First Amendment guarantee that no law shall prohibit the free exercise of religion. Cruz v. Beto, 405 U.S. 319 (1972).

When assessing whether a prisoner was deprived of his constitutionally protected right to freely practice his religion, the Eleventh Circuit has held that the district court must first "determine whether the prisoner is sincere in his or her asserted

Case No. 8:17-CV-2140-T-17AAS

religious beliefs." Martinelli v. Dugger, 817 F.2d 1499, 1503 (11th Cir. 1987). Once the Court determines that the prisoner has a sincere free-exercise claim, the district court must evaluate whether the prison regulation or policy is related to a legitimate penological interest. McCorkle v. Johnson, 881 F.2d 993, 995-96 (11th Cir. 1989). The reasonableness test is applied with deference to the expert judgment of prison administrators. See Brightly v. Wainwright, 814 F.2d 612, 613 (11th Cir. 1987).

Under RLUIPA, a petitioner bears the initial burden of proving that the Department's grooming policy implicates his religious exercise. A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation. See Hobby Lobby v. Burwell, 134 S. Ct. 2751 (2014). In this case, the religious exercise is the growing of a beard.

A petitioner must further establish that the Department's grooming policy substantially burdens the exercise of religion. In this case, the Department's grooming policy requires Plaintiff to shave his beard, and if Plaintiff does not, Plaintiff faces disciplinary action. Because the Department's policy puts Plaintiff to this choice, it substantially burdens Plaintiff's religious exercise.

The Court understands the Department's compelling governmental interest to be security.

After consideration, the Court finds that Plaintiff Abdul Hakeem Jahmal Naseer Shabazz a/k/a Owen D. Denson, Jr. has established that Plaintiff will likely prevail on the merits of some issues in this case, that Plaintiff is likely to suffer irreparable harm if the request for injunctive relief is denied, that the threatened harm to Plaintiff outweighs the harm the temporary restraining order will cause to Defendants, and that the entry of this restraining order will not disserve the public interest. The purpose of this restraining order is to maintain the status quo until resolution of Plaintiff's Motion for

4

Case No. 8:17-CV-2140-T-17AAS

Preliminary Injunction.

This Temporary Restraining Order is entered without notice based on the allegations of retaliation for the filing of this lawsuit.

The Court grants Plaintiff's Motion for Temporary Restraining Order, and directs that while the Restraining Order remains in effect, Plaintiff shall not be required to shave Plaintiff's beard. It is further ordered that Defendants shall not impose discipline for violation of the Department's grooming policy while the Restraining Order remains in effect. Accordingly, it is

**ORDERED** that pro se Plaintiff Abdul Hakeem Jahmal Naseer Shabazz a/k/a Owen D. Denson, Jr.'s Motion for Temporary Restraining Order is **granted**. While the Restraining Order remains in effect, Defendants **shall not** require Plaintiff to shave his beard. It is further

**ORDERED** that Defendants **shall not** impose discipline on Plaintiff for violation of the Department's grooming policy while this Restraining Order remains in effect.

Plaintiff's Motion for Preliminary Injunction will be referred to the assigned Magistrate Judge to conduct a hearing and for a report and recommendation in a separate order.

Case No. 8:17-CV-2140-T-17AAS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 17th day of November, 2017 at 11:30AM-

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record