UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABDUL HAKEEN JAHMAL NASEER
SHABAZZ aka Owen D. Denson,
Jr.,

    Plaintiff,

v.                                  Case No: 2:17-cv-648-FtM-29CM

SECRETARY, DEPARTMENT OF
CORRECTIONS, Official
capacity, J. SANCHEZ,
Captain, Individual
capacity, L. NORWOOD,
Assistant Warden, Official
capacity, PATRICK MURPHY,
Warden, Official capacity,
and W. MILLETTE,

    Defendants.

## **ORDER**

This matter comes before the Court on Defendants' Motion for Modification or Clarification of Order Granting Temporary Restraining Order (Doc. #32) filed on November 22, 2017. Plaintiff filed an Objection to Defendants' Motion for Modification or Clarification of Order Granting Temporary Restraining Order (Doc. #40) and exhibit in support (Doc. 40-1) on December 4, 2017.

By way of background, this case was originally filed in the Tampa Division and transferred to this Court (Doc. #31) on November 21, 2017. On November 17, 2017, prior to transfer, the Court

issued a Temporary Restraining Order (Doc. #17) which directed that the Defendants "shall not require Plaintiff to shave his beard" and "shall not impose discipline on Plaintiff for violation of the Defendant's grooming policy while this Restraining Order remains in effect." Id. at 5. According to the Order of Transfer, "[t]he Temporary Restraining Order remains in effect until dissolved by the district judge or by effect of law." Doc. 31 at 1. Rule 65 provides that a temporary retraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Here, the Court did not extend the Temporary Restraining Order and Defendants did not consent to a longer extension. Thus, by operation of law, the November 17, 2017 Temporary Restraining Order expired 14 days after its issuance. Clements Wire & Mfg. Co. v. N. L. R. B., 589 F.2d 894, 896 (5th Cir. 1979); see also Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995)(Hill, C.J., concurring)("An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution. Rule 65(b) of the Federal Rules of Civil Procedure imposes strict restrictions on its scope and specific time constraints for its duration."). Consequently, because the Temporary Restraining Order has expired, Defendants' Motion is moot.

The Court, in considering whether Plaintiff is entitled to a preliminary injunction at this stage of the proceedings, notes that Defendants filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #39), with supporting exhibits (Doc. #39-1 through #39-6) on December 1, 2017, to which Plaintiff filed a Second Objection and Memorandum of Law in Opposition (Doc. #50) on December 20, 2017. Defendants, in their Response, note that the FDOC has a grooming policy that permits inmates to have a half-inch beard. Doc. 39 at 3. In pertinent part, the Florida Administrative Code provides:

> All inmates shall elect either to be clean shaven or to grow and maintain a half-inch beard. Such a beard shall include all the hair that grows naturally on the face and front of the neck, excluding eyebrows and eyelashes. . . . Those male inmates who desire to remain clean shaven shall be clipper shaved three times per week, and those inmates who desire to grow a half-inch beard shall have their beards trimmed three times per week with a clipper with a half-inch guard.

Fla. Admin. Code, Ch. 33-602.101 Care of Inmates (4)-(5). The grooming policy also is set forth in the DeSoto Correctional Institution Inmate Handbook that is distributed to all inmates. Doc. #39-2 at 4, Doc. #39-3 at ¶6. Defendants submit that the FDOC's grooming policy complies with the Supreme Court's decision in Holt v. Hobbs, ___U.S. ___, 135 S. Ct. 853, 862 (Jan. 20, 2015). From a review of Plaintiff's Motion (Doc. #16) and Plaintiff's Second Objection (Doc. #50), it is unclear whether Plaintiff contends that the FDOC current grooming policy that permits a one-

The Court, in considering whether Plaintiff is entitled to a preliminary injunction at this stage of the proceedings, notes that Defendants filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #39), with supporting exhibits (Doc. #39-1 through #39-6) on December 1, 2017, to which Plaintiff filed a Second Objection and Memorandum of Law in Opposition (Doc. #50) on December 20, 2017. Defendants, in their Response, note that the FDOC has a grooming policy that permits inmates to have a half-inch beard. Doc. 39 at 3. In pertinent part, the Florida Administrative Code provides:

> All inmates shall elect either to be clean shaven or to grow and maintain a half-inch beard. Such a beard shall include all the hair that grows naturally on the face and front of the neck, excluding eyebrows and eyelashes. . . . Those male inmates who desire to remain clean shaven shall be clipper shaved three times per week, and those inmates who desire to grow a half-inch beard shall have their beards trimmed three times per week with a clipper with a half-inch guard.

Fla. Admin. Code, Ch. 33-602.101 Care of Inmates (4)-(5). The grooming policy also is set forth in the DeSoto Correctional Institution Inmate Handbook that is distributed to all inmates. Doc. #39-2 at 4, Doc. #39-3 at ¶6. Defendants submit that the FDOC's grooming policy complies with the Supreme Court's decision in Holt v. Hobbs, ___U.S. ___, 135 S. Ct. 853, 862 (Jan. 20, 2015). From a review of Plaintiff's Motion (Doc. #16) and Plaintiff's Second Objection (Doc. #50), it is unclear whether Plaintiff contends that the FDOC current grooming policy that permits a one-

half inch beard violates his First Amendment rights and the Religious Freedom Restoration Act of 1993 ("RFRA") and Religious and Use and Institutionalized Persons Act ("RLUIPA") Act, or whether he claims that the FDOC nonetheless enforces a policy of mandating that all inmates be "bald shaved," which the Court interprets to mean that inmates are not permitted to have any growth of hair on their faces. Consequently, before ruling on Plaintiff's Motion for Preliminary Injunction, the Court will direct Plaintiff to clarify which Defendants' policy or actions he seeks to enjoin.

Also pending before the Court is Plaintiff's Emergency Motion for Preliminary Injunction and Permanent Injunction (Doc. #56) filed on January 16, 2018, to which Defendants filed a Response in Opposition (Doc. #60) on January 30, 2018. Plaintiff states that on January 8, 2018,[1] he was moved from his dorm due to a water leak and told to store his legal papers in a locker. Doc. 60 at 5. Plaintiff claims that his legal documents stored in his locker were confiscated by Officer Backer when he went to the law library on January 9, 2018. Id. Plaintiff admits he was provided with a confiscation slip by Officer Backer. Id. Plaintiff further claims that, on the same date, Defendant Sanchez came into his living quarters and placed his right foot on top of the locker

---

[1] The Motion states the events happened in 2017. Motion at 5-6. The Court believes this to be a scrivener's error.

containing Plaintiff's legal documents "under pretense" of inspecting Plaintiff's cell. Id. at 6. Plaintiff claims these acts were done in retaliation for Plaintiff having filed this action and in contempt of the Temporary Restraining Order. Id.

The Court having reviewed the Motion finds no emergency, and cautions Plaintiff that he may be sanctioned for improperly labeling a motion as an emergency in the future. M.D. Fla. R. 3.01(e). Although labeled as seeking a "preliminary and permanent injunction," the Motion does not address any of the four factors required to obtain a preliminary injunction[2] and otherwise does not contain a request for relief. Id. Further, to the extent that Plaintiff contends that the actions violated the Temporary Restraining Order, as noted above, the Temporary Restraining Order is expired.

Accordingly, it is hereby

**ORDERED:**

---

[2] The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011); Burk v. Augusta-Richmond Cnty., 365 F.3d 1247, 1262-63 (11th Cir. 2004). The movant bears the burden of persuasion for each of these four requirements. GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs, 788 F.3d 1318, 1322 (11th Cir. 2015); Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

1. Defendants' Motion for Modification or Clarification of Order Granting Temporary Restraining Order (Doc. #32) is **DENIED as moot.**
2. Plaintiff shall file a notice to the Court **within fourteen (14) days** of this Order and clarify whether he seeks to enjoin Defendants from enforcing FDOC' half-inch grooming policy that permits inmates to grow a half-inch beard.
3. Plaintiff's Emergency Motion for Preliminary Injunction and Permanent Injunction (Doc. #56) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:   FTMP-1

Copies:
*Pro Se* Plaintiff
Counsel of Record