```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ABDUL HAKEEN JAHMAL NASEER
SHABAZZ aka Owen D. Denson,
Jr.,

      Plaintiff,

v.                                     Case No: 2:17-cv-648-FtM-29NPM

MARK S. INCH, Secretary,
Florida D.O.C.,

      Defendant.
_____

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order filed on July 7, 2020. (Doc. #140, Motion). Plaintiff attaches his affidavit in support of his Motion. (Doc. #140-1). Plaintiff moved for a Preliminary Injunction the same day. (Doc. #141). Plaintiff, an inmate in the Florida Department of Corrections (DOC), has pending a Fourth Amended Complaint seeking injunctive and declaratory relief challenging the DOC's grooming policy under the Religious Land Use and Institutionalized Persons Act ("RLIUPA"), 42 U.S.C. § 2000cc-2000cc-5. See generally (Doc. #138). Plaintiff alleges he has exhausted his administrative remedies. (Id. at 3, ¶ 8). Plaintiff seeks a restraining order enjoining DOC official from enforcing or threatening to enforce DOC's grooming policy to allow Plaintiff to maintain a fist-length beard, not to exceed four

inches until Plaintiff can be heard on his Motion for Preliminary Injunction.  (Doc. #140 at 11). Plaintiff points out the Court had granted a temporary restraining order, which expired.  See (Docs. #22, #71).  Having reviewed the Motion, Plaintiff's affidavit, Plaintiff's Fourth Amended Complaint, and the record, the Court finds grounds to grant Plaintiff a temporary restraining order.

Because a temporary restraining order is an extraordinary remedy, the movant  must establish the following four criterion: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the relief is not granted, (3) the issuance of an injunction would not substantially harm the other litigant(s), and (4) the injunction is not adverse to the public interest.  Long v. Sec'y, Dep't of Corrs., 924 F.3d 1171, 1176 (11th Cir. 2019).  The same factors govern the issuance of a preliminary injunction.  See Swain v. Junior, No. 20-11622-C, 2020 WL 2161317, at *3 (11th Cir. May 5, 2020) (citing Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016)). Recognizing that such requests "are not uncommon in federal court and sometimes involve decisions affecting life and death," such relief may not be granted "unless the [movant] establishes the substantial likelihood of success criterion."  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226 (11th Cir. 2005).  The Eleventh Circuit has held that issuing a temporary restraining order "is the exception rather than the rule."  Siegel v. LePore,

234 F.3d 1163, 1176 (11th Cir. 2000) (quoting <u>Texas v. Seatrain Int'l, S.A.</u>, 518 F.2d 175, 179 (5th Cir. 1975)). With these parameters in mind, the Court considers Plaintiff's Motion.

Plaintiff has been incarcerated in the DOC since 1977 and is not a member of a gang. (Doc. #140 at 2-3). Plaintiff states he is a devout Sunni Muslim and a "fundamental requirement of [his] sincerely held faith" requires he "grow a beard to at least a fist-length (approximately 4 inches)." (Doc. #140-1, ¶¶ 3-4). Plaintiff's fundamental religious belief contravenes the DOC's grooming policy in the Florida Administrative Code, Chapter 33-602.101, which requires inmates to be clean shaven or grown and maintain a maximum half-inch beard. (Doc. #140 at 2). He alleges the DOC grooming policy substantially burdens his religious beliefs because he is subject to disciplinary action, including solitary confinement if he refuses to follow DOC's grooming policy. (<u>Id.</u> at 3). Also, Plaintiff claims he has been subject to retaliation and punishment for grieving the grooming policy and has been forced to shave with clippers without a guard on several occasions, which resulted in his beard being shaved "down almost to the skin." (Doc. #140-1, ¶¶ 5-8).

Inmates retain their First Amendment free exercise of religion rights. <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). A prisoner's request for a religious accommodation must be based on a sincerely held religious belief and not motivated by other factors. <u>See</u>

Hobby Lobby v. Burwell, 134 S. Ct. 2751 (2014). To rule on this Motion, the Court accepts Plaintiff's sworn declarations as to his religious beliefs.

The RLIUPA "provide[s] greater protection for religious exercise than is available under the First Amendment." Holt v. Hobbs, 135 S. Ct. 853, 859 (2015) (quotation marks and citations omitted). In Holt, the Supreme Court held the Arkansas Department of Corrections' grooming policy violated RLIUPA insofar as it prevented the plaintiff from growing a one-half inch beard in accordance with his religious beliefs. Id. at 867. An analysis as to whether Shabazz can prevail on his RLUIPA requires a "focused inquiry." Id. at 863. Applying the "individualized, context specific inquiry" required by Holt in a RLIUPA claim requires DOC "to demonstrate that application of the grooming policies to [Shabazz] furthers its compelling interests." Smith v. Owens, 848 F.3d 975, 981 (11th Cir. 2017).

The Court finds at this stage Plaintiff has demonstrated a likelihood of success on the merits under the RLIUPA and takes judicial notice that its sister court, after an evidentiary hearing, found DOC's grooming policy violative of RLIUPA as to another Muslim inmate. Sims v. Inch, 400 F. Supp. 3d 1272, 1280 (N.D. Fla. 2019) ("The Department has not shown that prohibiting [Sims] from growing a fist-length beard and trimming his moustache is the least restrictive means of furthering a compelling

government interest."); see also Ali v. Stephens, 822 F.3d 776, 794 (5th Cir. 2016)(affirming district court grant of preliminary injunction for claim brought under RLIUPA and permitting inmate's request for a fist-length beard not to exceed four inches). Plaintiff repeatedly is forced to choose between adhering to his religious tenets or being subjected to disciplinary action. Thus, the Court finds the potential harm to Plaintiff is outweighed by any potential harm to Defendant. The Court cannot conceive how requiring DOC to forego enforcement of its grooming policy to a single inmate is contrary to public policy, especially in a case involving First Amendment rights. "The promise of the free exercise of religion enshrined in our Constitution . . . lies at the heart of our pluralistic society." Bostock v. Clayton Cty., Georgia, 140 S. Ct. 1731, 1754 (2020). Given Plaintiff's indigent status, the Court will not require Plaintiff to post a bond.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. #140) is **GRANTED** and Defendant, Defendant's officers, agents, servants, and employees are enjoined from enforcing the grooming policy in Chapter 33-602.101, Fla. Stat. against Plaintiff to the extent that Plaintiff shall be permitted to maintain a fist-length beard of at least four inches. Plaintiff shall not be subject to any disciplinary

measures for violating the grooming policy while this Order still is in effect.

2. The temporary restraining order will remain in place for a period of **FOURTEEN (14) DAYS** from the date of this Order, and the requirement for a bond is waived.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of July 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record