UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABDUL HAKEEN JAHMAL NASEER SHABAZZ aka Owen D. Denson, Jr.,

    Plaintiff,

v.                          Case No: 2:17-cv-648-FtM-29NPM

MARK S. INCH, Secretary, Florida D.O.C.,

    Defendant.

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's Fourth Amended Complaint seeks permanent injunctive and declaratory relief as to the Florida Department of Correction (DOC) grooming policy as it pertains to the length of a beard he may grow while in the custody of the DOC. Plaintiff alleges that the failure to allow him to grow a fist-length (four inches) beard violates his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2000cc-5.[1] See generally (Doc. #138). On July 10, 2020, the

---

[1] Section 3 of RLUIPA, which concerns institutionalized persons, states:

  No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

 (1) is in furtherance of a compelling governmental interest; and

 (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).

Court granted Petitioner's Motion for a Temporary Restraining Order. (Doc. #140). The Temporary Restraining Order (TRO) enjoined DOC Officials from enforcing the grooming policy in Chapter 33-602.101, Fla. Stat. against Plaintiff to the extent Plaintiff was permitted to maintain a fist-length beard of at least four inches[2] and officials were prohibited from disciplining Plaintiff for violating the grooming policy while the Order is still in effect. (Id. at 6, ¶ 1). The Restraining Order expires on July 24, 2020. (Id., ¶ 2).

Now before the Court is Plaintiff's Motion for a Preliminary Injunction (Doc. #141), which includes Plaintiff's Affidavit. (Doc. #141-1). Plaintiff seeks the same relief he obtained in the TRO. See generally (Doc. #141).

Defendant filed a Response in Opposition (Doc. #145) on July 13, 2020. Defendant attaches 180 pages of exhibits to support its Response, including: an Affidavit of Assistant Warden Lori Norwood (Doc. #145-1); the Inmate Orientation Handbook (Doc. #145-2); the DeSoto Correctional Institution Inmate Information/Institutional Rule Book (Doc. #145-3); the Florida Department of Corrections Chaplaincy Services 2019 Religion Technical guide for Selected Religious Groups (Doc. #145-4); the Barber and Cosmetology

---

[2] The Court erred when it ordered Defendant to permit Plaintiff to grow a beard of "at least four inches" instead of a beard "not to exceed four inches." Given the fourteen-day life of the TRO, this appears harmless but will be corrected if a preliminary injunction is granted.

Sanitation Guide (Doc. #145-5); the Chapter 36, Clipper Shave Sanitation Guide (Doc. #145-6); an Affidavit of Alan McManus (Doc. #145-7); and the Record of Plaintiff's Inmate Movement and Disciplinary Actions (Doc. #145-8). Defendant contends an evidentiary hearing is required before a preliminary injunction may be entered "because the facts are hotly contested." (Doc. #145 at 2). Specifically, Defendant disputes Plaintiffs assertion that officials subjected Plaintiff to disciplinary action or retaliation in the recent past, and disagrees with Plaintiff's characterization of his disciplinary record as "overwhelmingly positive." (Id.). Further, Defendant argues that Plaintiff cannot meet the four requirements for the issuance of a preliminary injunction. See generally id.

Plaintiff filed a Reply on July 23, 2020. See generally (Doc. #149, Reply).

Upon a thorough review of the Motion, Plaintiff's affidavit, Plaintiff's Fourth Amended Complaint, Defendant's Response with exhibits, Plaintiff's Reply and the record, the Court finds the material facts are not in dispute, and that an evidentiary hearing is unnecessary at this stage of the proceedings. The Court grants Plaintiff a preliminary injunction while the case proceeds on the Fourth Amended Complaint.

## I. Background and Undisputed Facts

Plaintiff is an inmate in the custody of the Florida Department of Corrections (DOC). Plaintiff is observant of the Sunni Muslim faith, which mandates he "grow a beard to at least a fist-length (approximately 4 inches)." (Doc. #141-1, ¶¶ 3-4). Defendant does not contest the sincerity of Plaintiff's faith or that its tenets require him to have a beard not shorter than fist length. See Shabazz v. Barnauskas, 600 F. Supp. 712, 715 (M.D. Fla. 1985), aff'd, 790 F.2d 1536, 1537 (11th Cir. 1986)(Defendants stipulated Shabazz's faith is sincere and growing a beard is deeply rooted in religious beliefs). It is undisputed that the Florida Administrative Code, Chapter 33-602.101, requires inmates to be clean shaven or "grow and maintain a maximum half-inch beard." (Doc. #145 at 7).

Plaintiff is 71 years old and had served 43 years of his life sentence.[3] While the parties disagree as to the proper characterization of Plaintiff's disciplinary record, the record itself is set forth in the record. Plaintiff's disciplinary records includes: (1) an escape attempt in 1998, for which he was subjected to 365 days of disciplinary confinement; (2) discipline for disobeying regulations twice, in 1997 and 1990; (3) various

---

[3] DOC's Inmate Population Information Detail reflects in 1977 the Pinellas Circuit Court sentenced Plaintiff to life for robbery with a gun or deadly weapon (case no. 7700263).

other discipline at different times throughout his several decades of incarceration. (Doc. #145-1, ¶¶ 26-27). Defendant concedes, however, that Plaintiff "has been relatively free of disciplinary charges the last five years." (Doc. #145 at 2.) There is no suggestion that Plaintiff is involved with or has any gang affiliations.

## II. Applicable Law

### A. Preliminary Injunction

To obtain a preliminary injunction, a movant must establish the following four criterion: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the relief is not granted, (3) the issuance of an injunction would not substantially harm the other litigant(s), and (4) the injunction is not adverse to the public interest. Swain v. Junior, 961 F. 3d 1276 (11th Cir. 2020) (citing Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016)). "Preliminary injunctions are, by their nature, products of an expedited process often based upon an underdeveloped and incomplete evidentiary record." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1171 (11th Cir. 2002) (citing Revette v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 740 F.2d 892, 893 (11th Cir. 1984) (per curiam) ("[T]he grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts ....")(internal quotations and citations omitted)). An evidentiary hearing is

required for entry of a preliminary injunction only "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002)(citing McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312 (11th Cir. 1998)).

### B. RLUIPA

Inmates retain their First Amendment free exercise of religion rights. Cruz v. Beto, 405 U.S. 319 (1972). A prisoner's request for a religious accommodation must be based on a sincerely held religious belief and not motivated by other factors. See Burwell v. Hobby Lobby, 134 S. Ct. 2751 (2014). The RLUIPA "provide[s] greater protection for religious exercise than is available under the First Amendment." Holt v. Hobbs, 135 S. Ct. 853, 859 (2015) (quotation marks and citations omitted).[4] The RLUIPA implements a burden-shifting framework. A plaintiff must show that (1) his relevant religious exercise is "grounded in a sincerely held religious belief" and (2) the challenged government policy "substantially burden[s] that exercise" by forcing the plaintiff "to 'engage in conduct that seriously violates [his] religious beliefs.' " Id., at 862 (quoting Hobby Lobby, 134 S. Ct.

---

[4] In Holt, the Supreme Court held the Arkansas Department of Corrections' grooming policy violated RLUIPA insofar as it prevented the plaintiff from growing a one-half inch beard in accordance with his religious beliefs. Id. at 867.

at 2775). The burden then shifts to the government to show that its action or policy is (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of furthering that interest. Holt, 135 S. Ct. at 863. An analysis as to whether Shabazz can prevail on his RLUIPA requires a "focused inquiry." Id. at 863. This "individualized, context specific inquiry" required by Holt in a RLUIPA claim requires DOC "to demonstrate that application of the grooming policies to [Shabazz] furthers its compelling interests." Smith v. Owens, 848 F.3d 975, 981 (11th Cir. 2017). With these parameters in mind, the Court considers Plaintiff's Motion.

### III. Analysis

#### A. General Objections

Defendant argues Plaintiff may not obtain a preliminary injunction to create a new rule within the DOC. Rather, Defendant argues that a preliminary injunction may issue only to preserve the status quo. In this case, Defendant argues, the status quo is to continue to allow a beard of no more than one-half inch despite Plaintiff's well-founded religious beliefs. (Doc. #145 at 7). The Court disagrees.

Plaintiff is asking the Court to permit him to practice his religion by allowing his beard to freely grow until it reaches fist length. He seeks a personal exception to the DOC's grooming policy based upon his religious beliefs, not that DOC make a new

policy system-wide. As pointed out by Plaintiff, under Defendant's theory "no constitutional challenge to a state prison policy would be ever eligible for injunctive relief." (Doc. #149 at 3). Plaintiff seeks a proper interim remedy to enjoin a continuous violation until the Court can hold a trial and decide on the request for permanent injunctive relief. As discussed below, Plaintiff has satisfied his burden for issuance of a preliminary injunction. Nothing requires the Court to continue to allow conduct which violates Plaintiff's religious freedom rights while the case proceeds through the Court process.

Next, Defendant asserts Plaintiff did not exhaust his administrative remedies and thus cannot prevail on his claim. (Doc. #145 at 8). Defendant does not suggest Plaintiff did not fully grieve his RLUIPA claim set forth in his Fourth Amended Complaint, but instead points to the two incidents Plaintiff references in his Motion in which he asserts officials forced him to shave to comply with the DOC's grooming policy. Defendant also disputes the factual accuracy of these incidents. Plaintiff's reference to those instances is intended to evidence Plaintiff's repeated and continuous injury, and do not constitute separate claims which need to be administratively exhausted. The Court finds the record establishes that Plaintiff has exhausted his RLUIPA claim set forth in the Fourth Amended Complaint. Plaintiff

is not required to take futile administrative steps as to evidentiary matters.

### B. Likelihood of Success on Merits

There is no dispute that Plaintiff's religious beliefs are sincere and that the DOC's grooming policy as it pertains to the length of a beard is a substantial burden on Plaintiff's religious beliefs. Thus, the burden shifts to Defendant to show its policy is to further a compelling governmental interest and is the least restrictive means of furthering that interest.

Defendant wholly fails to address the compelling interest of its grooming policy *as applied to Shabazz*. Holt, 135 S. Ct. 863 (the RLUIPA necessitates a "more focused inquiry" and the government needs "to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened.'" (citations omitted)). Defendant points to general security interests - such as the potential to hide contraband in a beard, the need for uniformity in an institutional setting, concern that allowing preferential treatment to Plaintiff would create hostility and discord among other inmates, use of beards for gang affiliation, and the ability of a beard to permit an inmate to alter his appearance and to impede the ability to identify an inmate if he escaped. (Doc. #145-1, ¶¶ 16-22). Even considering these legitimate security

interests, Defendant does not explain why a less restrictive means could not accomplish the same goals.

Exceptions to regulations, while not the norm, are not uncommon, and officials' objections that other inmates will demand similar treatment have routinely been rejected as a reason for denying an accommodation. United States v. Sec'y, Fla. Dep't of Corr., 828 F. 3d 1341, 1348 (11th Cir. 2016). Further, the Supreme Court in Holt and the United States District Court for the Northern District of Florida in Sims v. Inch, 400 F. Supp. 3d 1272, 1280 (N.D. Fla. 2019) have rejected these general security concerns. The Court in Holt found dual photographs of an inmate (bald faced and with a beard) would avoid an inmate's attempt to use a beard to disguise his appearance. Id., 135 S. Ct. at 864-65. The Sims court rejected Defendant's uniformity argument finding "[a] government's interest in uniformity, without more, is rarely compelling enough to defeat a RLUIPA claim. And in any event, the Department has itself identified a viable alternative that achieves its interest in uniformity: The Department can allow every inmate the option of having a fist-length beard." Id., 400 F. Supp at 1273. Beards can be searched for contraband and an inmate would likely hide contraband in a more secure location. Holt, 135 S. Ct. at 865-66. There is no evidence that Shabazz is in a gang, and he does not challenge the DOC design restrictions in a fist length beard. See Sims, 400 F. Supp at 1278. See also Ali v.

Stephens, 822 F.3d 776, 794 (5th Cir. 2016)(affirming district court grant of preliminary injunction for claim brought under RLUIPA and permitting inmate's request for a fist length beard not to exceed four inches); see also Smith v. Dozier, 5:12-CV-26 (WLS), 2019 WL 3719400, at *3 (M.D. Ga. Aug. 7, 2019)(finding Georgia correctional grooming beard policy violative of RLUIPA).

Undoubtedly, the RLUIPA does not negate the ability of prison officials to maintain security. Holt, 135 S. Ct. 866. And, prison officials may question the authenticity of an individual inmate's religious beliefs or withdraw accommodation if an inmate abuses an exemption. Id. at 867. Based upon the current state of law and the record before the Court, the Court finds Plaintiff is likely to succeed on the merits of his claim.

## C.   Irreparable Injury to Plaintiff

Defendant disputes Plaintiff's assertions that his attempt to adhere to his religious beliefs and grow a beard has resulted in recent disciplinary action or retaliation. (Doc. #145 at 2). Assistant Warden Norwood states that Plaintiff's disciplinary records from 1978 to the present do not reveal punishment stemming from enforcement of the grooming policy "at any time after May 21, 1999." (Doc. #145, ¶ 26). Thus, Defendant impliedly concedes that Plaintiff was subjected to disciplinary action in the past for his attempts to grow a beard. Defendant also argues that Plaintiff's quandary of choosing between his religious beliefs or

facing disciplinary confinement "is something he has faced during his entire lengthy period of incarceration. Nothing has changed recently to make his need for relief urgent." (Id. at 12).

The court's records reveal that Plaintiff has repeatedly sought injunctive relief on this issue, not only in this case, but in other cases,. See Shabazz v. Barnauskas, 790 F.2d 1536, 1537 (11th Cir. 1986) (acknowledging Shabazz "has been litigating with Florida prison officials since the late 1970's concerning whether he may grow and maintain a beard."). What "changed" is the 2015 United States Supreme Court decision in Holt, subjecting DOC's regulations to the stricter individualized scrutiny standard. The fact is undisputed that Plaintiff is repeatedly forced to choose between adhering to his religious tenets or being subjected to disciplinary action.

Other than the arguments raised above, Defendant does not explain how permitting Plaintiff an exception to the DOC's beard grooming policy is unduly burdensome. "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" for the issuance of a preliminary injunction. Elrod v. Burns, 427 U.S. 347, 373 (1976). Thus, the Court finds the potential harm to Plaintiff is outweighed by any potential harm to Defendant.

### D. Adverse to Public Interest

Requiring DOC to forego enforcement of its grooming policy to

- 12 -

a single inmate with Plaintiff's well-founded religious beliefs is not contrary to public policy, but furthers the policy stated by Congress. "The promise of the free exercise of religion enshrined in our Constitution . . . lies at the heart of our pluralistic society." Bostock v. Clayton Cty., Ga., 140 S. Ct. 1731, 1754 (2020). The Eleventh Circuit Court of Appeals has held that "the public interest is always served in promoting First Amendment values." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1276 (11th Cir. 2001).

The Court finds Plaintiff has satisfied each of the four factors to obtain a Preliminary Injunction under Federal Rule Civil Procedure 65. Given Plaintiff's indigent status, the Court will not require Plaintiff to post a bond.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for a Preliminary Injunction (Doc. #141) is **GRANTED.** As set forth in a separate Preliminary Injunction, Defendant's officers, agents, servants, and employees are enjoined from enforcing the grooming policy in Chapter 33-602.101, Fla. Stat. against Plaintiff to the extent that Plaintiff shall be permitted to maintain a fist-length beard not to exceed four inches. Plaintiff shall not be subject to any disciplinary measures for

    violating the beard grooming policy while this Order still is in effect.

2. The requirement for a bond is waived.

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of July 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-1
Copies:
Counsel of Record