```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

ABDUL HAKEEN JAHMAL NASEER
SHABAZZ aka Owen D. Denson,
Jr.,

          Plaintiff,

v.                                  Case No:  2:17-cv-648-JES-NPM

MARK  S.  INCH,  Secretary,
Florida D.O.C.,

          Defendant.
_____/
```

## OPINION AND ORDER

Before the Court is Jacques A. Azemar's Motion for Permissive Joinder and or Preliminary Injunction as a Member of the Class the Court Has Issued Injunctive Relief or Enter an Order Making Petitioner One of the Class Covered by the Preliminary Injunction (Doc. #164).

Plaintiff Abdul Shabazz—an inmate of the Florida Department of Corrections (FDOC) proceeding in forma pauperis—filed this action, seeking an exception to the FDOC's rule limiting inmate's beards to a half-inch in length.  Shabazz observes the Sunni Muslim faith, which mandates he grow a beard to at least a fist-length (about four inches).  Shabazz requested a preliminary injunction to enjoin the FDOC from enforcing the grooming policy against him. The Court granted the motion and issued a preliminary injunction.

Azemar "seeks the same relief as [Shabazz] as he is of the

same faith." (Doc. #164 at 2). He asks the Court to treat him as a member of the class covered by the preliminary injunction. But Shabazz filed this action solely on his own behalf. He does not represent a class. And the Court granted Shabazz a preliminary injunction based on factual findings specific to him. Azemar may not benefit from the preliminary injunction as a member of a non-existent class.

Alternatively, Azemar seeks permissive joinder. This argument fails for several reasons. First, persons may join as plaintiffs in a single action only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). While Azemar and Shabazz are asserting the same right to relief—to be excused from the FDOC's grooming policy—their claims arise from different occurrences. And as explained in the Court's prior order, entitlement to that right hinges on an "individualized, context specific inquiry." Holt v. Hobbs, 135 S. Ct. 853, 863 (2015).

Second, the Prison Litigation Reform Act (PLRA) prohibits multiple prisoners from avoiding payment of a filing fee by joining claims in a single case. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001). Thus, to comply with the PLRA, Azemar must file a separate action. Finally, even if joinder were permissible

2

here, it would create undue delay. Shabazz filed this case over three years ago, and discovery and dispositive motions deadlines are mere months away. Adding a new plaintiff now would undoubtably significantly delay the resolution of this case.

Accordingly, it is

**ORDERED:**

Jacques A. Azemar's Motion for Permissive Joinder and or Preliminary Injunction as a Member of the Class the Court Has Issued Injunctive Relief or Enter an Order Making Petitioner One of the Class Covered by the Preliminary Injunction (Doc. #164) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April ___1st___, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record